**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NEW ENGLAND PA, LLC | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:25-CV-1472 (JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CIGNA HEALTH AND LIFE INSURANCE | : | |
| COMPANY, | : | JULY 21, 2026 |
| Defendant. | : | |

**RULING ON MOTION TO DISMISS BY DEFENDANT CIGNA HEALTH AND CROSS MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF NEW ENGLAND (Docs. Nos. 19, 20)**

**I.    INTRODUCTION**

The plaintiff, New England PA, LLC ("New England"), filed suit against defendant, Cigna Health and Life Insurance Company ("Cigna"), alleging nonpayment of medical bills.  See Complaint at 12-14 (Doc. No. 1).  Specifically, New England alleges a violation of the Federal Arbitration Act, 9 U.S.C. § 9, and a violation of the No Surprises Act ("NSA"), 42 U.S.C. §§ 300gg-111.  Id.

Before the court is Cigna's Motion to Dismiss.  See Motion by Defendant Cigna Health and Life Insurance Company to Dismiss Plaintiff New England PA, LLC's Complaint ("Mot. to Dismiss") (Doc. No. 19).  New England filed its Opposition to the Motion and a Cross-Motion for Summary Judgment.  See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint and in Support of Plaintiff's Cross-Motions to Confirm and/or for Summary Judgment ("Pltf's Opp'n and Cross-Motion for SJ") (Doc. No. 20).  Cigna filed a Reply.  See Defendant Cigna Health and Life Insurance Company's Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff New England PA, LLC's Complaint in Opposition to Plaintiff's Cross-

Motion to Confirm and for Summary Judgment ("Def's Reply") (Doc. No. 21).  New England replied in support of its Cross-Motion.  See Plaintiff's Reply Memorandum in Further Support of Plaintiff's Cross-Motions to Confirm and/or for Summary Judgment ("Pltf's Reply") (Doc. No. 22).  Cigna filed a Notice of Supplemental Authority.  See Notice of Supplemental Authority ("Cigna Suppl. Authority") (Doc. No. 23).  New England filed a Notice of Supplemental Authority.  See Notice of Supplemental Authority ("New England Suppl. Authority") (Doc. No. 24).

Based on the following, New England has a cause of action to enforce the IDR award.  Further, under 12(b)(6), it has pled such a cause of action.  Therefore, Cigna's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is denied.  For the reasons stated below, the court denies Cigna's Motion to Dismiss (Doc. No. 19), and the court grants New England's Cross Motion for Summary Judgment as to DISP-2239980 (Doc. No. 20). [1]

## II.    BACKGROUND

### A.    Statute Background

Congress enacted the NSA as part of the Consolidated Appropriations Act of 2021, effective January 1, 2022.  See Pub. L. No. 116-260, div. BB, tit. I, 134 Stat. 1182, 2758–2890 (2020).  Congress recognized that surprise medical bills—particularly those arising from out-of-network emergency care—"can result in financial ruin" for patients. H.R. Rep. No. 116-615, pt. 1, at 52 (2020). To address this issue, the NSA

---

[1] New England pled in its Complaint a number of patient dispute IDR awards; however, New England is no longer pursuing its claims as to DISP-1626518, DISP-2157399, DISP-2157395, DISP-2156351, and DISP-2156353, as alleged in the Complaint. See Pltf's Opp'n and Cross Mot. for SJ n.1 (Doc. No. 20).  Therefore, the Ruling on Summary Judgment will only discuss the sole remaining claim for patient K.P., DISP-2239980 for $10,000.00.

prohibits out-of-network providers from billing patients beyond their in-network cost-sharing obligations and directs disputes over the payment owed to providers to be resolved between the insurer and provider, not the patient.  Additionally, the NSA prohibits the provider from suing the patient.

After receiving services, an out-of-network provider submits a claim directly to the insurer, which must issue an initial payment or denial within thirty days.  See 42 U.S.C. § 300gg-111(a)(1)(C)(iv)(I).  If the provider disagrees with the insurer's determination, it may initiate a thirty-day open negotiation period.  See 42 U.S.C. § 300gg-111(c)(1)(A). If negotiations fail, either party may initiate the IDR process within four business days. See 42 U.S.C. § 300gg-111(c)(1)(B).  A certified IDR entity ("CIDRE") then adjudicates the dispute through "baseball-style" arbitration, selecting one of the two offers submitted by the parties after considering statutorily enumerated factors.  See 42 U.S.C. § 300gg-111(c)(5)(A)–(C).

The statute declares that the CIDRE's determination "shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts."  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).  Payment "shall be made directly to the nonparticipating provider . . . not later than 30 days after the date on which such determination is made."  See 42 U.S.C. § 300gg-111(c)(6). The statute further provides that the determination "shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of title 9."  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

B.    <u>Case Background</u>[2]

Plaintiff, New England PA, LLC, ("New England") is a reconstructive surgery medical practice specializing in plastic surgery.  <u>See</u> Cigna Rule 56(a)(2) Statements (Doc. No. 21-4) at ¶ 1.  New England does not have a network contract and therefore is an out-of-network provider.  <u>Id</u>. at ¶ 2.  On January 4, 2024, New England provided medical services for patient K.P. at a hospital in Connecticut.  <u>Id</u>. at ¶ 3.  After treating the patient, New England submitted a medical bill to Cigna for payment in the amount of $10,000.  <u>Id</u>. at ¶ 4.  Cigna did not provide payment.  <u>Id</u>. at ¶ 5.  New England initiated an Independent Dispute Resolution ("IDR") process as called for by the NSA.  <u>Id</u>. at ¶ 6.  On March 31, 2025, the CIDRE ruled in favor of New England and awarded $10,000 to New England.  <u>Id</u>. at ¶ 7.  Cigna failed to pay New England.  <u>Id</u>. at ¶ 8.  As the date of this Ruling, more than 470 days have elapsed since the date of the IDR determination, and Cigna has failed to pay.  <u>Id</u>. at ¶ 9.

---

[2] Cigna adds additional facts in its response to the Rule 56(a)(1) Statements.  <u>See</u> Additional Material Facts at 3-4 (Doc. No. 21-4).  These facts were considered, but were not used in this court's analysis.  First, they add no material issues of fact to the issue at hand, <u>i.e.</u>, whether the IDR award can be enforced.  Second, the facts are an invitation for this court to delve into the dispute which the IDR already determined.  This court cannot, without a basis found in the statute, review the IDR determination.  <u>See</u>, <u>infra</u>, at Part IV.B-C.  Cigna already had the opportunity to present these facts and arguments to the IDR, which was not persuaded, awarding New England payment.  Cigna has not submitted a motion to overturn the IDR award based on the limited applicable categories (<u>e.g.</u>, fraud, corruption, misconduct) found in the NSA.  <u>See</u> 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).  Instead, Cigna now asks the court to engage in judicial review after it lost in the IDR process, despite arguing in multiple cases, including this case, that the court cannot review the IDR determination.  <u>See</u>, <u>infra</u>, Part IV.C; <u>see also</u> Ruling on Motion to Dismiss and Cross Motions for Summary Judgment <u>Shareef Jandali Plastic Surgery, LLC v. Cigna Health and Life Insurance Company</u>, No. 25-cv-01168-JCH, (D. Conn. July 21, 2026).

The court will address in detail these arguments later in its Ruling.

4

### III.    LEGAL STANDARD

####   A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. Id. at 113. In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). The court may also rely on evidence outside a complaint in deciding a Rule 12(b)(1) motion. See Makarova, 201 F.3d at 113.

####   B.    Rule 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Reviewing a motion to dismiss under Rule 12(b)(6), the court liberally construes the claims, accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the non-movant's favor. See La Liberte v. Reid, 966 F.3d 79, 85 (2d Cir. 2020). However, the court does not credit legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. In deciding a

motion to dismiss under Rule 12(b)(6), courts may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

        C.        Motion for Summary Judgment Standard

A motion for summary judgment may be granted only when the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016). If the moving party satisfies this burden, the nonmoving party must set forth specific facts demonstrating that there is indeed "a genuine issue for trial." See Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See Cross Com. Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." See LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

## IV.    DISCUSSION

This court incorporates and expressly relies upon its analysis in its Ruling on Shareef Jandali Plastic Surgery LLC v. Cigna Health and Life Insurance Co., No. 3:25-

CV-1168 (JCH) (D. Conn. July 20, 2026) (Doc. No. 36) ("Shareef Jandali").  This instant case is the third time the court takes up the same issue of law.  Id.  This court relies upon its detailed analysis of law and will address any facts different than in Shareef Jandali case in a brief analysis below, highlighting any relevant differences.

      A.      Subject Matter Jurisdiction

Cigna begins by arguing that this court does not have subject matter jurisdiction. See Mot. to Dismiss at 9-10.  It argues that there is no cause of action under the NSA and, because plaintiff cannot state a claim upon which relief can be granted, the case should be dismissed.  Id.

As this court held in Shareef Jandali, a claim must arise under federal law on the face of a well-pleaded complaint.  See Shareef Jandali, at 7.  Other courts have determined that subject matter jurisdiction exists and have issued opinions on similar situations.  See generally Agag v. Cigna Health & Life Ins. Co., No. 3:25-CV-00498 (SRU), 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026) (holding the court possesses subject matter jurisdiction because the claim arises under federal law on the face of a well pleaded complaint); PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, No. 25-cv-2320-ABA, (D. Md. Mar. 27, 2026); Guardian Flight LLC v. Aetna Life Ins. Co., 789 F. Supp. 3d 214 (D. Conn. 2025) (holding that the NSA created a private right of action for providers to enforce independent dispute resolution awards); see also Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants, 2024 WL 4451970 at 6, Guardian Flight, L.L.C. v. Health Care Serv. Corp., 140 F.4th 271 (5th Cir. 2025).  This court likewise concludes there is subject matter jurisdiction: "concluding otherwise would ignore the low bar that exists for federal question jurisdiction."  See Agag, 2026 WL 1021213, at *6 (D. Conn. Apr. 15, 2026); see also Shareef Jandali at 6-

7.  Therefore, the court denies the defendant's Motion to Dismiss based on lack of subject matter jurisdiction.

        B.      The NSA Authorizes Judicial Enforcement of IDR Awards

This court joins other courts, and the federal government's own interpretation, which have determined that the NSA permits a provider to seek judicial enforcement of a binding IDR determination award. See generally Agag, 2026 WL 1021213 (D. Conn. Apr. 15, 2026); PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, No. 25-cv-2320-ABA, (D. Md. Mar. 27, 2026); Guardian Flight LLC v. Aetna Life Ins. Co., 789 F. Supp. 3d 214 (D. Conn. 2025); see also Brief for the United States as Amicus Curiae in Support of Plaintiffs-Appellants, Guardian Flight, L.L.C. v. Health Care Serv. Corp., 140 F.4th 271 (5th Cir. 2025).

Cigna argues that there is no express private right of action and, since creating a cause of action is a legislative endeavor, this court cannot read one into being. See Mot. to Dismiss at 10. Cigna supports its argument with a Fifth Circuit decision which held that the NSA contains no private right of action in an enforcement of an IDR determination. Id. at 11. Further, Cigna argues that there is no implied right of action, and the text of the NSA confirms Congress's choice to omit a private right of action. Id. at 16-18. New England argues that the plain text, structure, and background of the NSA creates a right for a provider to be paid, and that the NSA confirms a right of action to enforce the insurer's obligation to pay. See Pltf's Opp'n at 6.

This court incorporates the analysis of each of the following points from Shareef Jandali and briefly sets forth the following conclusions.

8

1.    The NSA's Text and Structure Create an Enforceable Right

The NSA's text is both direct and specific with the text mandating that IDR determinations "shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts" and that payment "shall be made directly to the nonparticipating provider or facility not later than 30 days after the date on which such determination is made." See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I); 42 U.S.C. § 300gg-111(c)(6); see also Shareef Jandali at 8-11. The Supreme Court has stated that "magic words explicitly inviting suit" are not required, and statutory "shall pay language" reflects Congress's intent to "create both a right and a remedy." See Maine Cmty. Health Options v. United States, 590 U.S. 296, 323-325 (2020); Alexander v. Sandoval, 532 U.S. 275, 288 (2001).

Here the statute tells the insurer that it shall pay, and it further specifies the amount to be paid (the IDR determination award), the recipient (the provider), and even a deadline (30 days). These provisions show Congressional intent to create both a right and a remedy, in essence a money mandating obligation. Maine Cmty. Health Options v. United States, 590 U.S. 296, 301. Where Congress has unambiguously created rights that the statutory text, structure, and context reveal Congress also intended to be enforceable in court, this court cannot ignore that congressional intent. See generally Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 186 (2023) (when defendant seeks to prove implicit denial of cause of action in statute).

Congress determined to protect patients from not only the "surprise" of unexpectedly high bills but also from being involved in drawn-out payment disputes, hence the IDR process. See PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, at *22 (D. Md. Mar. 27, 2026) Once that process culminates in a "binding" IDR

9

award, Congress made clear there should be no further obstacle to the provider being paid, and paid promptly.  Id.

The statute's structure reinforces this conclusion.  The NSA stripped out-of-network providers of their pre-existing common-law rights to collect payment from patients.  See 42 U.S.C. §§ 300gg-131, 132.  Having extinguished those state-law remedies, Congress "replaced those rights with a federal right with both procedural and substantive components."  See PHI Health, LLC v. Optimum Choice, Inc., 2026 WL 850453, at *17–18.  The procedural right is the entitlement to pursue the IDR process and obtain a determination from the IDR.  The substantive right is the express mandate that the determination be paid.  If providers were intended to have no judicial avenue to enforce the right it simultaneously created and acknowledged as "binding," Congress would have written a statute that is "inconceivable."  Id. at *30.

### 2.     The No Judicial Review Clause Does Not Bar Confirmation

This court has analyzed the phrase "shall not be subject to judicial review" in Shareef Jandali, concluding that this clause does not bar judicial confirmation of an IDR award.  See Shareef Jandali, No. 3:25-CV-1168, at 11–14.  The ordinary meaning of "judicial review" relates to the examination and potential overturning of a prior decision. See 5 U.S.C. § 706(2); Agag, 2026 WL 1021213, at *27-28 (cataloguing three definitions of "judicial review" from Black's Law Dictionary, none of which encompass confirmation).

A petition to confirm an IDR award, present in this case, does not ask this court to review, revise, or even scrutinize the merits of the IDR determination.  It simply asks what the statute says, to give legal effect to a "binding" award.  This distinction is not semantics.  The "judicial review" provision in the NSA relates to challenges of an IDR,

10

which are limited to only those identified in "paragraphs (1) through (4) of section 10(a) of Title 9" (§ 300gg-111(c)(5)(E)(i)(II)), such as "fraud," "corruption" "partiality," or a "refus[al] to hear evidence pertinent and material to the controversy." See 9 U.S.C. § 10(a)(1)–(4). Congress made clear in the text that the non-prevailing party is not entitled to seek a do-over in federal court. The parties have already engaged in the IDR process. One party prevailed and is now seeking legal enforcement of the determination. There was no need for Congress to incorporate section 9. The NSA's own "binding" and "shall be paid" language already created legal obligations that are automatically effective. See Shareef Jandali at 12– 14; PHI Health, 2026 WL 850453, at *26–27. Those words do not appear in section 9 of the FAA. See 9 U.S.C. § 1–16.

### 3.    Statutory Interpretation

As this court described in Shareef Jandali, even if the statutory text were found to be ambiguous, the canon against surplusage would independently compel the same result. See Shareef Jandali at 15-16. That canon requires that "effect is given to all [statutory] provisions, so that no part will be inoperative or superfluous, void or insignificant;" it is at its strongest when an interpretation would render superfluous another provision within the same statutory scheme. See Corley v. United States, 556 U.S. 303, 314 (2009); see also Marx v. Gen. Revenue Corp., 568 U.S. 371, 386 (2013). Cigna's reading does precisely that: it strips the word "binding" in section 300gg-111(c)(5)(E)(i)(I) of all legal force and renders the thirty-day payment mandate in section 300gg-111(c)(6), a provision specifying a payee, an amount, and a deadline, entirely unenforceable surplusage. The canon against surplusage requires this court to avoid that outcome. See Shareef Jandali at 15–16.

11

4. NSA's Administrative Remedies are not a Comprehensive Enforcement Scheme

This court rejected Cigna's argument in Shareef Jandali that the HHS civil monetary penalty mechanism set up by Congress is adequate enforcement. See 42 U.S.C. § 300gg-22(b)(2)(C); see also Shareef Jandali at 15–17. The HHS penalty is paid to the government, not to the provider. Further, there is no mechanism by which HHS can direct an insurer to pay an IDR award to a provider. The possible $100-per-day penalty creates perverse incentives for insurers to choose prolonged non-payment over compliance. See PHI Health, 2026 WL 850453, at *33–34.

That incentive is on display in this case. The IDR award at issue is $10,000. See Complaint at 1-2. At $100 per day, it would take Cigna 100 days of HHS-imposed penalties to equal the amount owed. Further, those penalties are mere possibilities and flow to the government, not to New England, the provider.

Additional empirical evidence confirms that administrative enforcement alone is inadequate. The December 2023 GAO Report found that the majority of providers who won IDR awards reported them remaining unpaid past the 30-day deadline. See GAO-24-106335, at 32. The January 2025 CMS study of an insurance plan covering Indiana found that 18 of 28 IDR awards sampled were not paid within the required 30 days. See https://www.cms.gov/files/document/ambetter-indiana.pdf at 6.

C. Cigna's Coverage Denial Defense is Not Persuasive

This case presents a slightly different coverage defense from the one this court addressed in Shareef Jandali. Here, Cigna claims that CPT code 15777 submitted by New England was denied because the underlying claim was submitted 251 days after the date of service, exceeding the City of Middletown Plan's 180-day timely filing

12

requirement for out-of-network claims.  See Def's Reply at 18-20.  Cigna argues that this timely filing bar constitutes a threshold coverage determination, not a payment dispute, and therefore places the claim entirely outside the scope of the NSA and its IDR framework.  Id. at 18–21.

The court is not persuaded.

First, Cigna waived its eligibility to challenge timeliness by failing to participate in the IDR process.  Cigna submitted nothing in the IDR process.  The award expressly states that "EdiPhy Advisors, L.L.C. did not receive an offer and/or fees from CIGNA."  See Award (Exhibit D to Complaint).  The award was issued as a "Fees and Offer from One Party Only" determination.

The Federal IDR Process Guidance for Certified IDR Entities provides a specific and exclusive mechanism for a non-initiating party, who believes the IDR process does not apply, to challenge that applicability.  Under section 4.4 of the Guidance, the non-initiating party "must notify the Departments by submitting the relevant information through the Federal IDR portal as part of the certified IDR entity selection process," with such notification required "no later than 1 business day after the end of the 3- business-day period for certified IDR entity selection."  See Federal IDR Process Guidance for Certified IDR Entities at section 4.4 (March 2023).  It further provides that "[t]he certified IDR entity must determine whether the Federal IDR Process is applicable."  Id. at section 4.6.2.

Cigna did not avail itself of this procedure to contest the claim in front of the IDR. It submitted nothing.  By choosing non-participation rather than the procedural remedy expressly provided to challenge IDR eligibility, Cigna waived any argument that the IDR

process was inapplicable to this claim.  To permit Cigna to raise that eligibility challenge now, in federal court, after an adverse award, would allow an insurer to circumvent the IDR process entirely, to wait to see if the provider pursues enforcement, and then attack the legitimacy of the proceeding it chose not to contest at the proper time through the proper procedure.

Second, the certified IDR entity determined that the IDR process was applicable. The Federal IDR Process Guidance provides that the IDR "must determine whether the Federal IDR Process is applicable to the items and services that are the subject of the dispute."  See Federal IDR Process Guidance at Section 4.6.2.  It issued a monetary award and, by doing so, the CIDRE determined that the IDR process applied to this claim.  That determination was made by the entity Congress charged with making it. Cigna now asks this court to review that determination and conclude that the claim was ineligible for IDR because of the timely filing deficiency.  Doing so would require precisely the judicial review that Cigna vehemently argues this court cannot undertake. See generally Mot. to Dismiss.

Cigna's position in this, and its other litigation, is internally inconsistent in the same manner that has been identified in Shareef Jandali and Agag.  See Shareef Jandali at 20; see also Agag, 2026 WL 1021213, at *15.  Cigna argues that the NSA forbids this court from engaging in judicial review of an IDR determination in favor of the providers while, when it loses, asking this court to engage in judicial review.  Cigna cannot simultaneously ask the court to not engage in judicial review by enforcing an award to a provider, and then ask this court to only engage in judicial review when Cigna owes money.

14

Cigna could have made a timely filing in the IDR process on its time-barred position.  It chose not to and instead waited to see what would happen.  It cannot now ask the court to engage in the very behavior it argues against when the provider seeks to enforce the IDR determination.  Insurers could avoid IDR enforcement by characterizing any award as a coverage issue, which would render, in the insurer's view, the award voidable.  Insurers would wait and see how many providers would take the time, effort, and money to engage in the entire billing, IDR, and court process.  Then, when the provider sought enforcement, the insurer would claim no coverage.  During this time, Cigna would possibly face a nominal administrative penalty that only the government would be able to collect; the provider would still be unpaid.[3]  That is exactly the absurd result this court found unacceptable in Shareef Jandali, and it is equally unacceptable here. See Shareef Jandali at 13–14.

D.      Whether FAA Section 9 Applies Independently

As this court explained in Shareef Jandali, the NSA independently authorizes judicial enforcement.  The court need not decide whether FAA section 9 separately provides an enforcement pathway.  See Shareef Jandali at 21–22.

E.      Rule 12(b)(6)

Cigna has also moved for failure of New England to state a Claim.  New England has pled a claim under the statutory cause of action discussed above.  It has alleged it provided medical services to several patients insured by Cigna.  See Complaint at ¶¶ 7, 23, 39, 55, 71, 87.  However, New England  is an out-of-network provider with no

---

[3] Another possible consequence would be that the physician would not treat patients in out-of-network emergency situations.

network contract with Cigna.  Id. at ¶¶ 8, 27, 43, 59, 75, 91.  New England filed claims with Cigna, but Cigna did not pay.  Id. at ¶¶ 9-10, 28-30, 41-42, 57-58, 73-74, 89-90. New England initiated the IDR process, and it ultimately prevailed, and it was awarded binding awards.  Id. at ¶¶ 12-17, 32-35, 45-50, 60-65, 78-81, 94-97.  Cigna failed to pay. Id. at ¶¶ 20-22, 35-37, 52-54, 68-70, 85-86, 102-103.

New England pled all elements of a cause of action under the NSA.  Therefore, Cigna's Motion to Dismiss under Rule 12(b)(6) is denied.

F.      Motion to Dismiss and Motion for Summary Judgment for the Remaining Patient Dispute

In its complaint, New England describes several claims for which emergency services were provided, an IDR dispute was initiated, and the CIDRE made an award determination in the provider's favor.  See Complaint at 2-12.  The claim for relief requests judgment for six different disputes.  Id. at 16.  The Motion to Dismiss is denied as to all claims.

However, in its Cross Motion for Summary Judgment and 56(a) Statements of Fact, only one dispute was moved upon, DISP-2239980; the rest were withdrawn by New England.  See Pltf's Opp'n and Cross-Motion for SJ n. 1; Statement of Undisputed Material Facts Pursuant to Local Rule 56(a)(1) in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 20-5).  Therefore, the court will only consider and rule upon DISP-2239980, involving Dr. Pathy for an amount of $10,000, in the Motion for Summary Judgment.

G.    New England's Cross Motion to Confirm IDR Award and Fees

1.    Cross Motion to Confirm IDR

The court now turns to the Motion to Confirm and for Summary Judgment of the IDR award only for DISP-2239980.  See Doc. No. 20.  The following facts are undisputed:[4]

1)  New England provided medical services to a patient, K.P.  See 56(a)(2) Stat. (Doc. No. 21-4) at ¶ 3.

2)  New England is an out-of-network provider with no network contract with Cigna.  Id. at ¶ 2.

3)  Cigna made no payment on the underlying claim.  Id. at ¶¶ 5-6.

4)  New England initiated the IDR process.  The CIDRE issued an award on March 31, 2025, finding New England to be the prevailing party and awarding $10,000.  Id. at ¶ 7.

5)  Cigna did not submit an offer or fees to the IDR.  See Award (Exhibit D to Complaint).

6)  Cigna has not paid the award.  See 56(a)(2) Stat. at ¶ 8.

7)  More than 400 days have elapsed since Cigna's statutory payment deadline. Id. at ¶ 9.

The only bases for judicial review are four exceptions in the NSA: corruption, fraud, partiality, or exceeding the arbitrators' powers.  See 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II). Cigna does not contend that the award was procured by fraud or

---

[4] In cases where Cigna denied part of a statement in the 56(a) Statement, the court reads the part not denied as admitted. Where Cigna's partial denial is supported by evidence, the court has noted that denial. If the denial or partial denial does not have evidence to support it, the court deems the Statement admitted in that regard. See Connecticut Local Rule 56(a)(3).

misrepresentation, or any of the four exceptions for judicial review.  See generally 56(a)(2) Stats.  Cigna does not dispute that it failed to pay the award.  See id. at ¶ 8. Therefore, there is no genuine issue of material fact, and the award is confirmed as a matter of law.  The Motion for Summary Judgment is granted.

### 2.   Post-Judgment Interest and Fees

The Clerk shall enter judgment confirming the IDR award of $10,000 for DISP-2239980, in favor of New England.  Post-judgment interest shall accrue from the date of entry of judgment, pursuant to 28 U.S.C. section 1961.

At this time, the court declines to award pre-judgment interest or attorneys' fees, as these issues were not adequately briefed by the parties.

## V.   CONCLUSION

Based on the foregoing, New England has a cause of action to enforce the IDR award.  Further, under Rule 12(b)(6), it has pled such a cause of action.  Therefore, Cigna's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is denied.

The NSA's carefully constructed IDR framework, representing a significant legislative effort by Congress to help both patients and providers in emergency health situations, is rendered meaningless if prevailing providers are left without judicial enforcement to collect what they are owed.  Such a result is not only inconsistent with the plain meaning of the text as well as the structure of the legislation and principles that guide statutory interpretation, but it also produces precisely the kind of absurd outcome that courts are obliged to reject.

The court grants New England's Cross Motion for Confirmation/Summary Judgment (Doc. No. 20) as to DISP-2239980.  The remaining claims asserted by New

18

England have been withdrawn.  The Clerk shall enter judgment confirming the IDR award of $10,000.00 in favor of New England.

New England may file a motion for an award of the IDR fees and pre-judgment interest within 21 days of this Ruling.

The Clerk is directed to close the case.


**SO ORDERED.**

Dated at New Haven, Connecticut this 21st day of July 2026.


 /s/ Janet C. Hall                    
Janet C. Hall
United States District Judge